UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**EDWARD WASHINGTON**                                             **CIVIL ACTION**

**VERSUS**                                                        **NO. 04-1617**

**MURMANSK SHIPPING COMPANY,**                                    **SECTION**
**"T" THE M/V MIKHAIL STREKALOVSKIY**


## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed on behalf of the third-party defendant, United States Maritime Services, Inc. ("USMS").  (Rec. Doc. 49)  This Motion was filed on November 13, 2006.  Defendants Murmansk Shipping Company ("Murmansk") and the M/V MIKHAIL STREKALOVSKIY ("M/V MIKHAIL") also petition this Court for summary judgment if granted for USMS.  This Court, having reviewed the arguments of counsel, the Court record, the law and applicable jurisprudence, is fully advised and ready to rule.

**I. Background**

On October 20, 2003, plaintiff Edward Washington boarded the M/V MIKHAIL in the

capacity of employee of the United States Department of Agriculture to inspect the cargo holds. The M/V MIKHAIL has several pipes that run parallel from bow to stern, and there are cross-overs on the deck to be able to cross these pipes.  Plaintiff alleges that when he stepped on the deck from the cross-over, he slipped on the deck and injured himself.  Plaintiff did not look at the ground, and did not inspect the deck to identify any foreign substance on the deck.  Plaintiff alleges that his jumpsuit was wet, and admits that the jumpsuit emitted no smell nor did it stain the jumpsuit when it dried.  Plaintiff finished the inspection, but did notify the captain and his co-worker Mr. Wayne Carter of the fall.

Plaintiff alleges that he sought medical care after he experienced increased pain for several weeks.  Plaintiff underwent surgery on February 5, 2004 for damages to his left arm he alleges occurred from the accident on the M/V MIKHAIL.  Plaintiff underwent three additional surgeries on his left shoulder.  Plaintiff is alleging the necessity of future surgeries, and is claiming the inability to regain full use of his extremities.

The original scheduling order had a deadline for all pre-trial motions to be filed by November 10, 2006.  This Motion for Summary Judgment was filed by USMS on November 13, 2006, six days after this deadline.  However, since the trial date has been moved, the late filing will have no bearing on the outcome of this motion, and this motion will be decided as though it were filed on time.

**II. Law and Analysis of the Court**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue of fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56 (c).  The moving party "bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323; 106 S.Ct. 2548, 2553 (1986).  The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts in questions." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 Sup. Ct. 1342 (1986).  The nonmoving party must supply "specific facts" to show there is a genuine issue for trial.  Matsushita, 475 U.S. at 578. A "dispute about a material fact is genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Stults v. Conoco, Inc. 76 F. 3d 651, 654 (5th Cir. 1996).  Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita, 475 U.S. at 588.

USMS contends that the plaintiff's arguments are based on res ipsa loquitur.  To use res ipsa loquitur,

> the plaintiff must present evidence which indicates at least a probability that the injury would not have occurred without negligence, that the conduct of the plaintiff or of a third party was sufficiently eliminated by evidence as the more probable cause of the injury, and that the alleged negligence was within the scope of the defendant's duty to the plaintiff. Devlin v. U.S. 415 F. Supp. 2d 675 (2006).

The court finds plaintiff has presented evidence which creates a genuine issue for trial.  The applicability of res ipsa loquitur does not need to be discussed here.

The plaintiff asserts, and this Court agrees, that a genuine issue of fact exists.  Evidence

was submitted that USMS was present cleaning the ship and that pipes were running across the deck at the time plaintiff alleges his injuries. Plaintiff also supplied evidence that a mate on the M/V MIKHAIL was ahead of plaintiff accompanying him to hold 5. These specific facts are sufficient to deny the motion for summary judgment for USMS. Because this Court denies the motion for USMS, it also denies the assertion for Murmansk and the M/V MIKHAIL.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of the Third-Party Defendant, United States Maritime Services, Inc., be and the same is hereby **DENIED.**

New Orleans, Louisiana, this 24th day of July, 2007.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT COURT**